**WO** RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Noriega, ) | No. CV-04-2451-PHX-JAT (LOA) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Joseph M. Arpaio, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

On November 5, 2004, Victor Antonio Noriega (Plaintiff), presently confined in the Tonto Unit of the Arizona State Prison Complex in Safford, Arizona (ASPC-Safford), filed with the Clerk of the Court a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant to 42 U.S.C. § 1983.[1]  This action is one of more than one thousand (1,000) lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations.[2]

---

[1] When Plaintiff filed the Complaint, he was confined in the Maricopa County Durango Jail in Phoenix, Arizona (Durango Jail).

[2] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund exists.  The

**TERMPSREF** - 1 -

1     Plaintiff did not pay the one hundred and fifty dollar ($150.00) filing fee, but filed a
2 certified "Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)"
3 (Application To Proceed) and an "Inmate Account Statement" (Account Statement) with the
4 Complaint.

5     By Order filed February 22, 2005 (Document #3), Plaintiff's Application to Proceed
6 was granted and Plaintiff was obligated to pay the one hundred and fifty dollar ($150.00)
7 statutory filing fee for this action.  Based on the average monthly deposits in Plaintiff's
8 account for six (6) months immediately preceding the filing of the Complaint, an initial
9 partial filing fee of thirty-eight dollars and eighty-three cents ($38.83) was assessed.

10     The Order also dismissed Defendants Maricopa County Sheriff's Office and Joseph
11 M. Arpaio from this action without prejudice, and dismissed Plaintiff's Complaint without
12 prejudice, with leave to amend.  Plaintiff was given thirty (30) days from the filing date of
13 the Order to file an amended complaint.

14     By separate Order filed February 22, 2003 (Document #4), the Maricopa County
15 Sheriff or his designee was required to send to the Clerk of the Court the initial partial filing
16 fee, and thereafter, payments from Plaintiff's trust account each time the amount in the
17 account exceeds ten dollars ($10.00), until the statutory filing fee of one hundred and fifty
18 dollars ($150.00) is paid in full.

19     To date, fifty-six dollars and eighty-three cents ($56.83) of the one hundred and fifty
20 dollar ($150.00) filing fee has been paid.  In light of Plaintiff's transfer to the custody of the
21 Arizona Department of Corrections (ADOC), the filing fee balance of ninety-three dollars
22 and seventeen cents ($93.17) will be reassessed by separate Order for collection by the
23 Director of the ADOC.

24         **STATUTORY SCREENING OF PRISONER COMPLAINTS**
25     The Court is required to screen complaints or amended complaints brought by
26
27
28 inmates in Hart asked for injunctive relief and not monetary damages.  The Court at this time
expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**         - 2 -

1 prisoners seeking relief against a governmental entity or officer or employee of a
2 governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion
3 thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to
4 state a claim upon which relief may be granted, or that seek monetary relief from a defendant
5 who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss
6 a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available
7 to him. 42 U.S.C. § 1997e(a).

## AMENDED COMPLAINT AND SCREENING ORDER

9 On March 8, 2005, Plaintiff filed his "First Amended Complaint" (Document #5)
10 (Amended Complaint). Plaintiff should take notice that all causes of action alleged in an
11 original complaint which are not alleged in an amended complaint are waived. Hal Roach
12 Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading
13 supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987). Accordingly, the
14 Court will consider only those claims specifically asserted in Plaintiff's Amended Complaint.

15 Plaintiff alleges five (5) grounds in his Amended Complaint. (Amended Complaint
16 at 4-6B).

17 Named as Defendant in the Amended Complaint is Joseph M. Arpaio, Maricopa
18 County Sheriff. (Amended Complaint at 1-2).

19 Plaintiff seeks inspection and correction of all Eighth Amendment violations,
20 contempt sanctions, compensatory and punitive monetary damages, and all other general and
21 equitable relief. (Amended Complaint at 7).

## DISCUSSION

23 **Count I**

24 In Count I of the Amended Complaint, Plaintiff claims that his Eighth Amendment
25 rights were violated when he was housed with over one hundred (100) inmates in a housing
26 unit that was only designed to house thirty-two (32) inmates. (Amended Complaint at 4).
27 Plaintiff further claims that inmates are sleeping on the day room floor. Id.

28 Liberally construed, Plaintiff's Count I adequately states claim for relief under the

**TERMPSREF** - 3 -

1  Eighth Amendment.  Accordingly, the Court will call for an answer from Defendant Joseph
2  M. Arpaio to Count I of the Amended Complaint.

**Count II**

In Count II of the Amended Complaint, Plaintiff claims that his Eighth Amendment rights were violated when he was denied nutritionally adequate meals. (Amended Complaint at 5). Plaintiff alleges that he has suffered continuous stomach pains and headaches caused by a lack of nutrition and food deprivation, and that he has been continuously ill and nauseated due to the undercooked and poor quality food. Id.

Liberally construed, Plaintiff's Count II adequately states claim for relief under the Eighth Amendment. Accordingly, the Court will call for an answer from Defendant Arpaio to Count II of the Amended Complaint.

**Count III**

In Count III of the Amended Complaint, Plaintiff claims that his Eighth Amendment rights were violated when he was overcharged for medical services. (Amended Complaint at 6). Plaintiff alleges that the rules and regulations of the Maricopa County Sheriff's Office call for a three dollar ($3.00) charge for medical attention or prescriptions, but that he has been charged ten dollars ($10.00) instead. Id.

To state a § 1983 medical claim under the Eighth Amendment, a plaintiff must show that the defendants acted with "deliberate indifference to his serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Deliberate indifference may occur if "prison officials deny, delay or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  However, a mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

The indifference must be substantial. Estelle, 429 U.S. at 105-06.  The action must rise to a level of "unnecessary and wanton infliction of pain." Id. at 106.  Further, differences in judgment between an inmate and prison medical personnel regarding

**TERMPSREF** - 4 -

1 appropriate medical diagnosis or treatment are not enough to state a deliberate indifference
2 claim.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

3 Mere claims of "indifference," "negligence," or "medical malpractice" do not support
4 a claim under 42 U.S.C. § 1983.  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th
5 Cir. 1980).  Not every claim by a prisoner that he has not received adequate medical
6 treatment states a violation of the Eighth Amendment.

7 Plaintiff's allegations in Count III fail to rise to the level of a constitutional violation
8 under the Eighth Amendment.  Plaintiff does not allege that there has been any deliberate
9 indifference to a serious medical need.  Instead, he merely alleges that he has been
10 overcharged for medical services.  Moreover, Plaintiff does not allege that Defendant Arpaio,
11 the only named Defendant, overcharged him.

12 Accordingly, Count III of the Amended Complaint will be dismissed without
13 prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a
14 claim upon which relief may be granted.

15 **Count IV**

16 In Count IV of the Amended Complaint, Plaintiff claims that Defendant Arpaio has
17 denied him adequate outdoor recreation.  (Amended Complaint at 6A).  Plaintiff alleges that
18 due to over population he does not get to go outside for one (1) hour per day, six (6) days a
19 week, and that he is unable to exercise in the day room because of the inmates sleeping on
20 the floor.  Id.

21 In order to state a claim under 42 U.S.C. § 1983, Plaintiff must show that the conduct
22 of the Defendants deprived him of a federal constitutional right.  Haygood v. Younger, 769
23 F.2d 1350, 1354 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020 (1986).  However,
24 Plaintiff makes no reference whatsoever to a specific federal constitutional right in Count IV.
25 Accordingly, Count IV of the Amended Complaint will be dismissed without prejudice
26 pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon
27 which relief may be granted.

28

**TERMPSREF** - 5 -

1 **Count V**

2 In Count V of the Amended Complaint, Plaintiff claims that Defendant Arpaio is
3 denying him the privilege of using the telephone because of overcrowding. (Amended
4 Complaint at 6B).

5 As in Count IV, Plaintiff has failed to make any reference whatsoever to a specific
6 federal constitutional right in Count V. Accordingly, Count V of the Amended Complaint
7 will also be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and
8 1915A(b)(1) for failure to state a claim upon which relief may be granted.

9 **RULE 41(b) WARNING**

10 Plaintiff is warned that if he fails to timely comply with every provision of this Order,
11 or any order of the Court entered in this matter, the action will be dismissed pursuant to Rule
12 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258 (9th
13 Cir.) (district court may dismiss action for failure to comply with any order of the court), cert.
14 denied, 506 U.S. 915 (1992).

15 **IT IS THEREFORE ORDERED:**

16 (1) That Counts III, IV, and V of the Amended Complaint (Document #5) are
17 DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 28
18 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

19 (2) That Defendant Joseph M. Arpaio is REQUIRED TO FILE an answer to Counts
20 I and II of the Amended Complaint;

21 (3) That the Clerk of the Court is DIRECTED to send Plaintiff a service packet
22 including a copy of this Order, a copy of the Amended Complaint (Document #5), and both
23 a summons and request for waiver forms for Defendant Joseph M. Arpaio;

24 (4) That Plaintiff SHALL COMPLETE AND RETURN the service packet to the
25 Clerk of the Court within twenty (20) days of the date of filing of this Order. The United
26 States Marshal will not provide service of process if Plaintiff fails to comply with this Order;

27 (5) That if Plaintiff does NOT either obtain a waiver of service of summons or
28 complete service of the summons and Amended Complaint on Defendant within one hundred

**TERMPSREF** - 6 -

1  and twenty (120) days of the date the Complaint was filed, or within sixty (60) days of the
2  filing of this Order, whichever is later, the ACTION MAY BE DISMISSED as to Defendant
3  pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Rule 16.2(b)(3)(B)(i) of
4  the Local Rules of Civil Procedure (LRCiv);

5      (6)  That the United States Marshal SHALL RETAIN the summons, a copy of the
6  Amended Complaint, and a copy of this Order for future use;

7      (7)  That the United States Marshal SHALL NOTIFY Defendant Joseph M. Arpaio
8  of the commencement of this action and REQUEST WAIVER OF SERVICE pursuant to
9  Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant shall include a
10 copy of this Order.  The Marshal shall file waivers of service of the summons or requests for
11 waivers that are returned as undeliverable as soon as they are received.  If a waiver of service
12 of summons is not returned by Defendant to the Marshall within thirty (30) days from the
13 date the request for waiver was sent by the Marshal, the Marshal shall:

14     (a) Personally serve copies of the summons, Amended Complaint (Document
15     #5), and this Order upon the Defendant pursuant to Rule 4(e)(2) of the
16     Federal Rules of Civil Procedure;

17     (b) Within ten (10) days after personal service is effected, file the return of
18     service for the Defendant, along with evidence of the attempt to secure a
19     waiver of service of the summons and of the costs subsequently incurred in
20     effecting service upon the Defendant.  The costs of service shall be
21     enumerated on the return of service form (USM-285) and shall include the
22     costs incurred by the Marshal for photocopying additional copies of the
23     summons, Amended Complaint, or this Order and for preparing new process
24     receipt and return forms (USM-285), if required.  Costs of service will be
25     taxed against the personally served Defendant pursuant to Rule 4(d)(2) and
26     (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the
27     Court;

28     (8)  **That if Defendant agrees to waive service of the summons and Amended**

**TERMPSREF**                           - 7 -

1 **Complaint, Defendant SHALL RETURN the signed waiver form to the United States**
2 **Marshal, not to Plaintiff**;

3      (9)  That Defendant Joseph M. Arpaio SHALL ANSWER Counts I and II of the
4 Amended Complaint or otherwise respond by appropriate motion within the time provided
5 by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure;

6      (10)  That a clear, legible copy of every pleading or other document filed SHALL
7 ACCOMPANY each original pleading or other document filed with the Clerk for use by the
8 District Judge or Magistrate Judge to whom the case is assigned.  See LRCiv 5.4.  **Failure**
9 **to submit a copy along with the original pleading or document will result in the**
10 **pleading or document being stricken without further notice to Plaintiff**;

11      (11)  That Plaintiff SHALL SERVE upon Defendants, or if appearance has been
12 entered by counsel, upon the attorney, a copy of every further pleading or other document
13 submitted for consideration by the Court.  Plaintiff shall include with the original document
14 and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and
15 correct copy of the pleading or document was mailed to Defendant or the counsel.  Any paper
16 received by a District Court Judge or Magistrate Judge which has not been filed with the
17 Clerk of the Court may be disregarded by the Court;

18      (12)  That at all times during the pendency of this action, Plaintiff SHALL
19 IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address
20 and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF
21 ADDRESS."  The notice shall contain only information pertaining to the change of address
22 and its effective date, except that if Plaintiff has been released from custody, the notice
23 should so indicate.  The notice shall not include any motions for any other relief.  Plaintiff
24 shall serve a copy of the notice on all opposing parties.  Failure to file a NOTICE OF
25 CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute
26 pursuant to Federal Rule of Civil Procedure 41(b);

27 //
28 //

**TERMPSREF**                              - 8 -

1     (13) That this matter is REFERRED to Magistrate Judge Lawrence O. Anderson
2 pursuant to LRCiv 72.1 and 72.2 for further proceedings.
3     DATED this 14th day of December, 2005.

*James A. Teilborg*
United States District Judge

**TERMPSREF**                              - 9 -